■ VERONICA ELLWANGER, as Administratrix of the Estate of JOSEPH F. ELLWANGER, JR., Deceased, Respondent, v. WILLIAM WHITEFORD, JR., Defendant, GOLD COAST REALTY CORP. et al., Appellants, and GRAND IRON WORKS, INC., et al., Appellants-Respondents.—

We find that there was no negligence on the part of any of the defendants. In any event the death of plaintiff's intestate was not proximately caused by any of their acts. Even were we not to dismiss the complaint we would nonetheless be obliged to reverse the judgment and order a new trial. It was error to admit the hearsay testimony of the police officer concerning the substance of his conversation with the watchman who had died prior to the trial. The watchman's declaration was not one made against interest so as to constitute an exception to the exclusionary hearsay rule. For it to be such an exception it

is essential that the watchman knew at the time that the declaration was against his proprietary or pecuniary interest (*Kittredge* v. *Grannis,* 244 N. Y. 168, 175; Richardson, Evidence [8th ed.], § 244). The statement here attributed to him does not, nor does the record, indicate such an awareness. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Stevens and Bergan, JJ.